CLAFLIN *et al.* v. EAGAN *et al.*

*(Supreme Court, General Term, First Department.    April 17, 1891.)*

CHANGE OF VENUE IN CIVIL CASES.

> A suit to set aside an assignment for the benefit of creditors, brought in the county in which most of the creditors reside, is properly sent for trial to the county in which defendants reside, where all the transactions which are the subject of the suit occurred, and all of defendants' witnesses reside, in the latter county; and plaintiffs cannot defeat the motion for a change of venue by stipulating that they will not call any witnesses to contradict the evidence of defendants if they will confine it to two interested witnesses.

Appeal from an order denying a motion for a change of venue.

Action by John Claflin and others against John F. Eagan and others to set aside an assignment for the benefit of creditors made by defendants. The venue was laid in New York county, where plaintiffs reside, whereas defendants reside in Dutchess county. Defendants moved that the place of trial be changed from New York county to Dutchess county, and filed an affidavit setting forth their residence in the latter county, and the further fact that all

their witnesses by whom they expected to prove certain matters, which were set out in the affidavit, resided in said county. They also alleged that the assignment was made, and all the transactions on which the action was based occurred, in Dutchess county. Defendants filed a counter-affidavit to the effect that all their witnesses resided in New York county, and stipulated, among other things, that all the matters which defendants expected to prove were in the knowledge of defendants; that their evidence would be sufficient; and that plaintiffs would offer no testimony in opposition to their evidence. The motion for a change of venue was denied, and on appeal to the general term the order was affiirmed, under the supposition that the motion had been granted. The followng opinion was filed: "PER CURIAM. The affidavits used upon the hearing of the motion fully justified the order which was made sending this case to Dutchess county for trial, where the transactions occurred upon which its disposition depends. The order should be affirmed, with $10 costs and disbursements." Afterwards, upon learning that the motion had in fact been granted, the following opinion was handed down by the general term.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*Charles Morschauser*, for appellants. *Kneeland, Stewart & Epstein*, for respondents.

VAN BRUNT, P. J. When this appeal was before the court upon a previous occasion the court fell into the error of supposing that the motion to change the venue had been granted, and upon examination of the papers saw no reason why they should interfere with that supposed result. It is supposed by the respondents that, by the stipulation which they have made, they have avoided the claim of the appellants in respect to the number of their witnesses. The whole of the transactions which are the subject of this action occurred in Dutchess county, and their good faith depends upon the evidence which the defendant can offer in respect thereto, and they cannot be deprived of the right to such evidence by a stipulation upon the part of the plaintiffs that they will not call any witnesses to contradict the evidence of the defendants if they will confine it to two interested witnesses. It may be true that the stipulation might avoid the necessity of calling two or three of the defendants' witnesses, but that is all. It is evident that the plaintiffs have amplified the number of witnesses beyond the number intended to be called, as is too usual in cases of this description. We think that, all these transactions having arisen in Dutchess county, and it being apparent that a large number of witnesses there residing must be called, the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted. All concur.